**IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| V. : | CRIMINAL NUMBER 08-128-01 (PLF) |
| LORIE HARRINGTON : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Lorie Harrington, by her attorney, W. Gregory Spencer, Chief Assistant Federal Public Defender, hereby submits the following memorandum in aid of sentencing in this matter.

**I.    PROCEDURAL HISTORY**

On May 1, 2008, the above captioned one count information was filed against Lorie Harrington charging her with Wire Fraud, in violation of 18 U.S.C.§ 1343.

On May 16, 2008, Ms. Harrington plead guilty to Count One of the above indicated information. Presently, Ms. Harrington is scheduled to be sentenced on August 21, 2008.

**II.   APPROPRIATE DISPOSITION**

**A.    THE POST BOOKER SENTENCING FRAMEWORK**

On January 12, 2005, the Supreme Court decided the cases of United States v. Booker and United States v. Fanfan, 125 S.Ct. 738 (2005), two long awaited decisions concerning the Federal Sentencing Guidelines. The Court held that its ruling in Blakely v. Washington, 124 S.Ct. 2531 (2004), was applicable to the Federal Sentencing Guidelines and that the Sixth Amendment prohibited any enhancement under the Guidelines based upon a fact that was not found beyond a reasonable doubt by a jury or agreed to by the defendant. To cure the

constitutional deficiencies inherent in the Sentencing Guidelines, the Court excised 18 U.S.C. § 3553(b)(1) which was the part of the Sentencing Reform Act that made the Guidelines mandatory. "So modified, the . . . Sentencing Reform Act of 1984 . . . makes the Guidelines effectively advisory. It requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a) (Supp. 2004)." Booker at 757. Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." Id. at 767. While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Thus, pursuant to Booker, courts must treat the Guidelines as but one, among several, sentencing factors.

  As a result of Booker, sentencing in federal cases is now governed by 18 U.S.C. § 3553(a). Section 3553(a) requires the sentencing court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth below. Those purposes are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, and any pertinent policy statements of the Sentencing Commission. Therefore, taken together, the directives of Booker, as well as Section 3553(a), make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553(a), courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

  B.  **FACTORS SUBMITTED IN MITIGATION OF SENTENCE**

Lorie Harrington understands and appreciates that this Court could sentence her to incarceration for up to twenty years and/or impose a fine up to $255,000.00. The Sentencing Guideline range in this case has been calculated to be 8 to 14 months. However, because under Booker the courts must treat the guidelines as just one of a number of sentencing factors, it is submitted that the purposes of sentencing, as set forth in 18 U.S.C. §3553(a)(2), do not require the imprisonment of Ms. Harrington for the above indicated period of time.

Lorie Harrington is forty-two years old. She resides with five children at 1329 Allison St., N.W., Washington, D.C. 20011. Dwight Woodley, III, age 23, Ashley Regather Fox, age 19, and Robert Lee Campbell, III, age 18, are Ms. Harrington's biological children. George Nunez, age 21, and Nakia Johnson, age 6, also reside with Ms. Harrington. She has legal custody of Nakia Johnson and she supports all five of the children.

Ms. Harrington graduated from Bladensburg High School in June of 1986. She also earned a diploma as a medical assistant from ACT College on May 23, 2008. In addition, since

November of 2004, Ms. Harrington has been attending school online with Ashworth University. She is enrolled in Ashworth University's Human Resources Management Associates Degree Program and has completed 15 hours towards the 60 hours required for the aforementioned degree. Since graduating from Second Genesis in 2001, Ms. Harrington has tried to maintain gainful employment. Although, she has not been employed since being terminated by Monitoring Force (the victim in this case), Ms. Harrington has been actively searching for employment.

As indicated in the Presentence Report, Ms. Harrington has several prior convictions. All of her convictions are related to the period of her life when she was addicted to crack-cocaine. Although Ms. Harrington began drinking alcohol and smoking marijuana as a teenager, it was her eleven-year crack addiction that affected her life the most. During that period of time, her relationship with her family and children was strained and admittedly, she supported herself through illegal activity. All of her convictions are solicitation offenses, theft offenses and one drug related offenses. None of her prior convictions involved violence.

Since completing Second Genesis in 2001, Ms. Harrington has remained drug free and had been successful in regaining a stable, law-abiding life style until her commission of the instant offense. Unfortunately, due to some financial problems and a desire to better provide for her children, Ms. Harrington's commission of this offense has foolishly and regrettably compromised that stable and positive lifestyle. Since being terminated by the victim in this case, Ms. Harrington has been constantly searching for new employment that would permit her to maintain her household and to make restitution in this case.

**III.   CONCLUSION**

In the post-Booker era, courts must look to a combination of factors to determine whether incarceration is appropriate and, if so, what the appropriate term of incarceration should be in each case. In sentencing those defendants that appear before them, courts must consider all the purposes behind sentencing, as outlined in 18 U.S.C. § 3553 (a).

It is submitted that under the circumstances of Ms. Harrington's case, a sentence that does not require total incarceration, i.e., a sentence which includes conditions of home detention or community confinement would be sufficient to advance each interest set forth in Section 3553 (a). Therefore, the defense requests that the Court accept the aforementioned information and arguments in mitigation of sentence and, respectfully, requests that the Court impose a sentence other than imprisonment upon Ms. Harrington.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

       /s/
W. GREGORY SPENCER
Chief Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500
